## CHAS. BROWN & Co. *v.* W. J. ARNOLD & Co.

**Pleadings—Exhibits Filed With Petition Must Control on Demurrer.**
Where the right to property is based on written memoranda filed and made a part of the petition, these exhibits must be considered on demurrer and must control any statement in the pleading inconsistent with their terms and legal effect.

**Husband and Wife—Wife's Separate Estate—How Created.**
Property given to a wife before her marriage, without restriction or limitation, cannot, after marriage, be converted, by the donor, into her separate estate, to the prejudice of her husband's creditors.

APPEAL FROM FAYETTE CIRCUIT COURT.

September 29, 1871.

OPINION BY JUDGE LINDSAY:

The demurrer of the petition of Mrs. Arnold should have been sustained. She bases her right to the property in contest upon the written memoranda filed with and made part of her petition. These exhibits must be considered on demurrer, and

must control any statements in the pleadings inconsistent with their terms and legal effect. The writing executed on the 18th of October, 1869, was a mere surrender by C. T. Connover to Mrs. Arnold, who was then unmarried, of the personal property bought by Connover from Schooly and wife.

The paper executed on the 24th of January, 1870, after the marriage of Mrs. Arnold, recites the fact that Connover gave said property to his daughter for her support, separate use and control; that such limitation was merely verbal, and that he was executing that paper for the purpose of them reducing it to writing. But when we come to examine the granting clause of this paper it is entirely consistent with the first memorandum. Connover states that in furtherance of his original intention he gave to his daughter Rebecca Arnold all the stock of confectionery, etc., purchased by James P. Schooly and wife, and authorized her to appoint her husband her agent to manage the same. There is no language used clearly expressing an intention to exclude the husband. Nor is there any distinction in respect to the enjoyment of the estate incompatible with his right to control it. The wife is to make him her agent with power to sell and reinvest, and whilst it is provided that the proceeds and profits are to remain the property of Mrs. Arnold for her support and use and under her absolute control, she is empowered out of the same to allow her husband compensation for his services. The two writings construed together lead our minds to the conclusion that Mrs. Arnold, prior to her marriage, held the property in question as general estate. That it vested in the husband upon their marriage.

That the second paper was intended to protect the property against Arnold's creditors, and that the husband was still to retain the right to use and enjoy it, and under the guise of compensation for services as agent to appropriate the principal and the profits as he might deem proper. Considering the facts presented by the petition and exhibits of the appellee, it is clear that her claim to the attached property rests solely upon an attempt upon the part of herself, her husband and father, after her marriage, to convert into a separate estate property which before marriage she held without limitation or restriction.

For these reasons the judgment is reversed and the cause

remanded with instructions to sustain the demurrer to Mrs. Arnold's petition, and for other proper proceedings not inconsistent with this opinion.

*Gibbons, for appellant.*

*Breckenridge & Buckner, for appellee.*